**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br>Mystic Woods LLC,<br>Debtor. | Chapter 7<br>Case No. 26-11520-KBO |
| In re:<br>River City Realty Fund LLC,<br>Debtor. | Chapter 7<br>Case No. 26-11521-KBO |
| In re:<br>Waycross Realty Fund LLC,<br>Debtor. | Chapter 7<br>Case No. 26-11522-KBO |
| In re:<br>Wilmington Realty LLC,<br>Debtor. | Chapter 7<br>Case No. 26-11523-KBO |

**MOTION FOR JOINT ADMINISTRATION OF CHAPTER 7 CASES**

Jami B. Nimeroff, chapter 7 trustee (the "Trustee") for the estates (the "Estates") of the above-captioned debtors (the "Debtors") requests entry of an order, substantially in the form attached hereto (the "Proposed Order"), pursuant to section 105(a) of title 11 of the United States Code (11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code")) and Rule 1015 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") (a) providing for joint administration of the above-captioned bankruptcy cases, and (b) granting related relief. In support of this Motion, the Trustee respectfully states as follows:

**JURISDICTION, CORE NATURE AND VENUE**

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012. This Motion is a core matter pursuant to 28 U.S.C. § 157(b). Venue is proper in this Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested herein are section 105(a) of the Bankruptcy Code, Bankruptcy Rule 1015(b), and Rule 1015-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

3. Pursuant to Local Rule 9013-1(f), the Trustee consents to the entry of a final order with respect to this Motion if it is determined that the Court lacks adjudicatory authority under Article III of the United States Constitution to enter such final order absent consent of the parties.

**BACKGROUND**

4. On September 28, 2026 (the "Petition Date"), the Debtors each filed voluntary petitions for relief under chapter 7 of the Bankruptcy Code in this Court.

5. On or about the Petition Date, the Trustee was appointed interim chapter 7 trustee for the Estates.

**RELIEF REQUESTED**

6. By this Motion, the Trustee respectfully requests that the Court enter an Order pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1 authorizing and directing the procedural consolidation and joint administration of these cases, and related relief. The Trustee requests that one file and one docket be maintained for all of the jointly administered cases under

the case of Mystic Woods LLC, and that the cases be administered under a consolidated caption, as follows:

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| Mystic Woods LLC *et al.*,[1] | ) | Case No. 26-11520-KBO |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

[1] The Debtors in these cases and the last four digits of their respective taxpayer identification numbers are as follows: Mystic Woods LLC (3974), River City Realty Fund LLC (3867), Waycross Realty Fund LLC (2293), and Wilmington Realty LLC (0628). As of the Petition Date, the Debtors' principal place of business was at 490 Wheeler Road, Suite 150, Hauppauge, NY 11788.

7. The Trustee further requests that this Court order that the foregoing caption satisfies the requirements set forth in Section 342(c)(1) of the Bankruptcy Code.

8. The Trustee also requests that a docket entry, substantially similar to the following, be entered on the docket of each of the Debtors other than Mystic Woods LLC to reflect the joint administration of these cases:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of Delaware directing joint administration for procedural purposes only of the cases of Mystic Woods LLC (26-11520-KBO), River City Realty Fund LLC (26-11521-KBO), Waycross Realty Fund LLC (26-11522-KBO), AND Wilmington Realty LLC (26-11523-KBO): The docket in Case No. 26-11520-KBO should be consulted for all matters affecting this case.

**<u>BASIS FOR RELIEF REQUESTED</u>**

9. Federal Rule of Bankruptcy Procedure 1015(b) provides, in pertinent part, as follows:

> *Cases Involving Two or More Related Debtors*. If a joint petition or two or more petitions are pending in the same court by or against ... (4) a debtor and an affiliate, the court may order a joint administration of the

> estates. Prior to entering an order, the court shall give consideration to protecting creditors of different estates against potential conflicts of interest.

10. Section 101(2) of the Bankruptcy Code defines "affiliate," in part, as a:

> (B) corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor, or by an entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor…

11. Local Rule 1015-1 provides that the Court may order joint administration of the estates of two or more debtors that are affiliates upon the filing of a motion, together with an affidavit, declaration, or verification, that establishes that joint administration is warranted and will ease the administrative burden for the Court and the parties.

12. While the precise equity structure of the Debtors is uncertain, it is clear that the Debtors are related in a number of ways, including the following:

a. The Debtors' bankruptcy filings were authorized under resolutions that were signed by the same individual, in his capacity as the managing member of each of the Debtors' managing members.

b. According to their schedules, the Debtors are all parties to Asset Management Agreements with Crowdvest LLC ("Crowdvest"), and the Debtors are the owners of four of the nine real estate projects identified as part of Crowdvest's portfolio on its website. https://crowdvestllc.com/properties/

c. According to their petitions, the Debtors have 91 separate equity security holders, 34 of which have interests in multiple debtors. More particularly, 22 equity holders have interests in two Debtors, eight have interests in three Debtors, and four have interests in all four Debtors.

13. Contemporaneously with the filing of this Motion, the Trustee is filing a motion for authority to operate the Debtors' businesses for a limited time pursuant to section 721 of the Bankruptcy Code, and the Trustee currently anticipates administering a common marketing and sale process in all four cases.

14. Because the Debtors were under common management before the Petition Date, and administration of their cases will proceed along very similar tracks, the Trustee is certain that joint administration will promote judicial and administrative efficiency for the benefit of all parties in interest.

15. Accordingly, the Court has the authority to grant the relief requested in this Motion. *See Declaration Concerning Motion for Joint Administration of Chapter 7 Cases*, attached hereto at **Exhibit A**.

16. Given the common management of the Debtors' operations, joint administration of these cases will provide significant administrative convenience without harming the substantive rights of any party in interest. The entry of an order directing joint administration of these cases will reduce fees and costs by avoiding duplicative filings and objections. Joint administration will also allow the U.S. Trustee and all parties in interest to monitor these cases with greater ease and efficiency.

17. Moreover, joint administration will not adversely affect the Debtors' respective constituencies because the Trustee seeks only procedural, not substantive, consolidation of the Debtors' Estates. Parties in interest will not be harmed by the relief requested, and will benefit from the cost reductions associated with the joint administration of these cases.

18. An order of joint administration relates to the routine administration of a case and may be entered by the Court in its discretion. *See* Local Rule 1015-1. Entry of joint administration orders in related cases such as these is common and generally non-controversial.

## **NOTICE**

19. The Trustee has provided notice of this motion to the following parties or their respective counsel: (a) the office of the U.S. Trustee for the District of Delaware; (b) counsel for

the Debtors; and (c) any other party that is receiving notice via electronic notification. The Trustee submits that, in light of the nature of the relief requested, no other or further notice need be given.

**CONCLUSION**

WHEREFORE, the Trustee respectfully requests that this Court enter the attached form of order directing joint administration of these cases, and granting such other and further relief as is just and proper.

Dated: October 6, 2026

**COZEN O'CONNOR**

*/s/ Mark E. Felger*

Mark E. Felger (No. 3919)
Gregory F. Fischer (No. 5269)
1201 N. Market Street, Suite 1001
Wilmington, DE 19801
T: (302) 295-2000
mfelger@cozen.com
gfischer@cozen.com

*Proposed Counsel for the Trustee*