**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re:<br>Mystic Woods LLC,<br>Debtor. | ) | Chapter 7<br>Case No. 26-11520-KBO |
| In re:<br>River City Realty Fund LLC,<br>Debtor. | ) | Chapter 7<br>Case No. 26-11521-KBO |
| In re:<br>Waycross Realty Fund LLC,<br>Debtor. | ) | Chapter 7<br>Case No. 26-11522-KBO |
| In re:<br>Wilmington Realty LLC,<br>Debtor. | ) | Chapter 7<br>Case No. 26-11523-KBO |

**ORDER GRANTING MOTION FOR JOINT ADMINISTRATION**

Upon the motion (the "Motion")[1] of the chapter 7 Trustee of the Estates of the above-captioned Debtors for entry of an order (this "Order"): (a) directing the joint administration of the Debtors' chapter 7 cases for procedural purposes only; and (b) granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court may enter an order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' Estates, their

[1] Capitalized terms used but not otherwise defined herein have the meaning assigned in the Motion.

creditors, and other parties in interest; and this Court having found that the Trustee's notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief requested therein; and upon all of the proceedings before this Court; and after due deliberation and sufficient cause appearing therefor

**IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED** as set forth in this Order.

2. The above-captioned cases are consolidated for procedural purposes only and shall be jointly administered by the Court under Case No. 26-11520-KBO.

3. The caption of the jointly administered cases should read as follows:

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| Mystic Woods LLC *et al.,*[1] | ) | Case No. 26-11520-KBO |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

[1] The Debtors in these cases and the last four digits of their respective taxpayer identification numbers are as follows: Mystic Woods LLC (3974), River City Realty Fund LLC (3867), Waycross Realty Fund LLC (2293), and Wilmington Realty LLC (0628). As of the Petition Date, the Debtors' principal place of business was at 490 Wheeler Road, Suite 150, Hauppauge, NY 11788.

4. The foregoing caption satisfies the requirements set forth in Section 342(c)(1) of the Bankruptcy Code.

5. A docket entry, substantially similar to the following, be entered on the docket of each of the Debtors other than Mystic Woods LLC to reflect the joint administration of these cases:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of Delaware directing joint administration for procedural purposes only of the cases of Mystic Woods LLC (26-11520-KBO), River City Realty Fund LLC (26-11521-KBO), Waycross Realty Fund LLC (26-11522-KBO), AND Wilmington Realty LLC (26-11523-KBO): The docket in Case No. 26-11520-KBO should be consulted for all matters affecting this case.

6. The Clerk of the United States Bankruptcy Court for the District of Delaware shall keep one consolidated docket, one file, and one consolidated service list for these cases.

7. Nothing in this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of these cases and this Order shall be without prejudice to the rights of the Trustee to seek entry of an Order substantively consolidating the respective cases.

8. All pleadings, notices, and other submissions related to the Debtors' Estates shall be filed on the docket for Case No. 26-11520-KBO. However, proofs of claim must be filed on the claims register for the particular Debtor's Estate against which the claims are alleged.

9. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.