**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| Mystic Woods LLC *et al.*,[1] | ) | Case No. 26-11520-KBO |
| Debtors. | ) | (Joint Administration Pending) |

**EMERGENCY MOTION OF JAMI B. NIMEROFF, CHAPTER 7 TRUSTEE, FOR ENTRY OF ORDER PURSUANT TO 11 U.S.C. §§ 105, 363, AND 721: (A) AUTHORIZING CHAPTER 7 TRUSTEE'S LIMITED OPERATION OF DEBTORS' BUSINESS FOR LIMITED TIME; (B) APPROVING RETENTION OF CONSULTANTS; AND (C) GRANTING RELATED RELIEF**

Jami B. Nimeroff, chapter 7 trustee (the "Trustee") for the estates (the "Estates") of the above-captioned debtors (the "Debtors") requests entry of an order, substantially in the form attached hereto (the "Proposed Order"), pursuant to sections 105(a), 363(b), and 721 of title 11 of the United States Code (11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code")) (a) authorizing the Trustee's limited operation of the Debtors' businesses for a limited time, (b) approving the retention of consultants, and (c) granting related relief. In support of this Motion, the Trustee respectfully states as follows:

## JURISDICTION, CORE NATURE AND VENUE

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012. This Motion is a core matter pursuant to 28 U.S.C. § 157(b). Venue is proper in this Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409.

[1] The Debtors in these cases and the last four digits of their respective taxpayer identification numbers are as follows: Mystic Woods LLC (3974), River City Realty Fund LLC (3867), Waycross Realty Fund LLC (2293), and Wilmington Realty LLC (0628). As of the Petition Date, the Debtors' principal place of business was at 490 Wheeler Road, Suite 150, Hauppauge, NY 11788.

2. The statutory bases for the relief requested herein are sections 105(a), 363(b), and 721 of the Bankruptcy Code and Rule 6004 of the Federal Rules of Bankruptcy Procedure.

3. Pursuant to Local Rule 9013-1(f), the Trustee consents to the entry of a final order with respect to this Motion if it is determined that the Court lacks adjudicatory authority under Article III of the United States Constitution to enter such final order absent consent of the parties.

## BACKGROUND

4. On September 28, 2026 (the "Petition Date"), the Debtors each filed voluntary petitions for relief under chapter 7 of the Bankruptcy Code in this Court.

5. On or about the Petition Date, the Trustee was appointed interim chapter 7 trustee for the Estates.

6. Prior to the Petition Date, each of the Debtors owned and leased real property (collectively, the "Real Property") to a number of residential tenants.

7. According to the Debtors' schedules, each of the Debtors is party to an Asset Management Agreement with Crowdvest LLC ("Crowdvest").

8. Upon information and belief, certain of the Debtors have also retained individuals to provide maintenance, oversight, or management services.

9. The Trustee is currently evaluating prospects for some or all of the Real Property, and in order to preserve the value of the Estates, the Trustee has determined, in her business judgment, that it is necessary and appropriate that she continue limited operation of the Debtors' businesses for a limited period.

10. The Trustee anticipates that the Estates may incur certain costs in connection with the operation of the businesses, including, but not limited to: (a) management and consulting

fees; (b) taxes; (c) insurance premiums; (d) various maintenance-related costs, including the Consultants' Fees (as defined below) (collectively, the "Operating Expenses").

11. In connection with the proposed operation of the businesses, the Trustee believes that it is in the best interests of the Estates that she retain certain individuals to provide on-site rental and maintenance services.

12. At present, the Trustee is seeking to retain Travis Brandow as a consultant to perform management and maintenance services at the properties owned by Debtors River City Realty Fund LLC and Wilmington Realty LLC. As these cases proceed, however, the Trustee may determine that it is in the best interests of the Estates that additional on-site managers be retained to assist with the Trustee's limited operations of the Debtors' businesses.

13. Mr. Brandow provided management and maintenance services prior to the Petition Date, and, subject to Court approval, the Trustee has agreed to his continued employment on substantially the same terms as were in effect as of the Petition Date. Specifically, Mr. Brandow would be entitled to: (a) reside rent-free at Unit 12 in the Jacksonville, NC property owned by Debtors River City Realty Fund LLC; and (b) cash compensation in the amount of $1,100 per week.

14. The Trustee has further agreed, subject to Court approval, to pay Mr. Brandow $2,650.00 for pre-petition services, with such payment being applied to any claim that Mr. Brandow may have that would be entitled to priority pursuant to section 507 of the Bankruptcy Code (together with the prospective weekly payments to Mr. Brandow and such other on-site managers as the Trustee may employ in connection with her limited operation of the Debtors' businesses, the "Consultants' Fees").

## RELIEF REQUESTED

15. By this Motion, the Trustee seeks entry of the Proposed Order, substantially in the form attached hereto: (a) authorizing her to operate the Debtors' business for 180 days, effective as of the Petition Date through and including March 27, 2027, without prejudice to her right to request that the Court extend such deadline; (b) approving the employment of Travis Brandow and such other on-site management consultants as the Trustee deems appropriate to the administration of the Estates; and (c) granting related relief.

## BASIS FOR RELIEF REQUESTED

16. Section 721 of the Bankruptcy Code provides that the Court "may authorize the trustee to operate the business of the debtor for a limited period, if such operation is in the best interest of the estate and consistent with the orderly liquidation of the estate." 11 U.S.C. § 721.

17. Authority to operate the business in a chapter 7 proceeding is appropriate "in a limited number of situations, such as where it appears that a business could be sold for a greater price as a going concern than would be obtained in ordinary liquidation." *In re AT&T Trailer Park, Inc*., 53 B.R. 144, 147 (Bankr. D. Wyo. 1985); *In re Lason, Inc*., 300 B.R. 227, 233 (Bankr. D. Del. 2003).

18. In addition, section 363(c) of the Bankruptcy Code provides that "[i]f the business of the debtor is authorized to be operated under section 721 ... the trustee may enter into transactions, including the sale or lease of property of the estate, in the ordinary course of business, without notice or a hearing, and may use property of the estate in the ordinary course of business without notice or a hearing." 11 U.S.C. § 363(c).

19. After careful consideration, the Trustee, in the sound exercise of her business judgment, believes the best way to maximize the value of the Estates and facilitate an orderly

liquidation is to continue limited operations through a going-concern sale process. Therefore, the Trustee is requesting authority to operate the Debtors' businesses for 180 days, through March 27, 2027.

20. The Trustee respectfully submits that the relief requested herein will best facilitate her efforts to maximize the value of the Estates and should be approved.

21. The Trustee further requests that she be authorized, pursuant to section 363(c), to retain Mr. Brandow on the terms describe above and such other on-site management consultants as the Trustee deems appropriate to the administration of the Estates, and otherwise pay all Operating Expenses in the ordinary course of business.

22. Failure to pay the Operating Expenses will harm the Debtors' business, thereby thwarting a value maximizing sale process of the Property, to the detriment of the Debtors' stakeholders. As such, there is a sound business purpose justifying the Trustee's payment of Operating Expenses.

23. Pursuant to section 704(a)(8) of the Bankruptcy Code, the Trustee will prepare and file monthly reports and summaries of the operation of the Debtors' businesses ("Operating Report") for each month or partial month that the Trustee operates the Debtors' businesses under section 721 of the Bankruptcy Code, which Operating Report shall include, but not be limited to, a statement of receipts and disbursements during the applicable period.

## WAIVER OF 14-DAY STAY

24. To preserve the value of the Estates, it is critical that the Real Property be maintained and managed, and that the Debtors' tenants receive services that are reasonably necessary. The Trustee therefore requests that the Court waive the 14-day stay period under Rule

6004(h) of the Federal Rules of Bankruptcy Procedure, to the extent it might otherwise be applicable.

**NOTICE**

25. The Trustee will provide notice of this motion to the following parties or their respective counsel: (a) the office of the U.S. Trustee for the District of Delaware; (b) counsel for the Debtors; (c) all secured creditors identified in the Debtors' schedules; (d) the Debtors' Asset Manager, as identified in the Debtors' schedules; and (e) any party that has requested notice in these cases. The Trustee submits that, in light of the nature of the relief requested, no other or further notice need be given.

**CONCLUSION**

WHEREFORE, the Trustees respectfully requests that this Court enter the attached form of order authorizing the Trustee's operation of the Debtors' businesses, including retention of Mr. Brandow and such other on-site management consultants as the Trustee deems appropriate, and granting such other and further relief as may be just and equitable.

Dated: October 6, 2026

**COZEN O'CONNOR**

*/s/ Mark E. Felger*

Mark E. Felger (No. 3919)
Gregory F. Fischer (No. 5269)
1201 N. Market Street, Suite 1001
Wilmington, DE 19801
(302) 295-2000
mfelger@cozen.com
gfischer@cozen.com

*Proposed Counsel for the Trustee*