**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| Mystic Woods LLC *et al.*,[1] | ) | Case No. 26-11520-KBO |
| Debtors. | ) | (Jointly Administered ) |
| | ) | **Objection Deadline: November 13, 2026 at 4:00 p.m. (ET)** |
| | ) | **Hearing Date: November 20, 2026 at 10:00 a.m. (ET)** |

**APPLICATION OF JAMI B. NIMEROFF, CHAPTER 7 TRUSTEE, TO EMPLOY GA REAL ESTATE GROUP, LLC AS BROKER AND PROPERTY MANAGER**

Jami B. Nimeroff, chapter 7 trustee (the "Trustee") for the estates (the "Estates") of the above-captioned debtors (the "Debtors"), submits this application (the "Application") for authority to employ GA Real Estate Group, LLC ("GA Group") as broker and property manager, effective as of October 15, 2026, pursuant to sections 327(a) and 328 of title 11 of the United States Code (11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code")) and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). In support of this Application, the Trustee relies on the Declaration of Michael Jerbich (the "Jerbich Declaration") which is attached hereto and incorporated herein as **Exhibit A**. In further support of the Application, the Trustee represents as follows:

## JURISDICTION

1. The Court has jurisdiction over this Application pursuant to 28 U.S.C. § 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2. Venue of these cases and this Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

[1] The Debtors in these cases and the last four digits of their respective taxpayer identification numbers are as follows: Mystic Woods LLC (3974), River City Realty Fund LLC (3867), Waycross Realty Fund LLC (2293), and Wilmington Realty LLC (0628). As of the Petition Date, the Debtors' principal place of business was at 490 Wheeler Road, Suite 150, Hauppauge, NY 11788.

3. The statutory predicates for the relief sought herein are sections 327(a) and 328 of the Bankruptcy Code and Bankruptcy Rule 2014(a).

4. Pursuant to Rule 9013-l(f) of the Local Rules of United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Trustee consents to the entry of a final order with respect to this Application if it is determined that the Court lacks adjudicatory authority under Article III of the United States Constitution to enter such final order absent consent of the parties.

**BACKGROUND**

5. On September 28, 2026 (the "Petition Date"), the Debtors each filed voluntary petitions for relief under chapter 7 of the Bankruptcy Code in this Court.

6. On or about the Petition Date, the Trustee was appointed interim chapter 7 trustee for the Estates.

7. As of the Petition Date, each of the Debtors owned and operated a number of parcels of real property (each a "Property," and, collectively, the "Properties") as residential rental properties. According to the schedules filed in these cases, the Debtors were parties to a total of 116 leases as of the Petition Date. The Trustee has reason to believe that the actual number of occupied rental units is less than the number of scheduled leases, but there are still a significant number of tenants residing at the Properties.

8. On October 6, 2026, the Trustee filed her *Emergency Motion for Entry of an Order Pursuant to 11 U.S.C. §§ 105, 363, and 721 of the Bankruptcy Code: (A) Authorizing the Chapter 7 Trustee's Limited Operation of the Debtors' Businesses for Limited Time; (B) Approving Retention of Consultants; and (C) Granting Related Relief* (the "Motion for Authority

to Operate"), seeking authority to continue operating the Debtors' business through March 27, 2027, while she considers potential sales of the Properties and related assets. [D.I. 11]

9. On October 9, 2026, the Court entered an order granting the Motion for Authority to Operate. [D.I. 19]

10. As contemplated in the Motion for Authority to Operate, the Trustee is in the process of engaging certain individuals to perform on-site management and maintenance work that is necessary for the continued operation of the business (collectively, the "On-Site Managers").

11. The Trustee has determined that it is in the best interests of the Estates that she retain a professional firm to assist with continued management of the Properties and formulation and implementation of a marketing and sale process.

12. After soliciting, receiving, and reviewing proposals from six firms qualified to provide management and brokerage services, the Trustee determined that retention of GA Group is in the best interests of the Estates. GA Group's proposed retention would be on the terms described below and as set forth in the Real Estate Services Agreement (the "Agreement") attached hereto as **Exhibit B**, the terms of which are incorporated herein by this reference. In the event of a conflict between the terms of this Application and the terms of the Agreement, the terms of the Agreement shall control.

13. Certain of the Properties may require extensive repairs before they can be leased, and the Trustee will have to consider what expenditures are feasible and warranted in order to maximize the sale value for the benefit of the Estates. To ensure the efficient administration of the Estates, it is imperative that these decisions be made as quickly as possible.

14. In addition, it is critical that immediate steps be taken to minimize management disruptions, in part, to ensure that tenant concerns are addressed in a timely manner and rent collections continue without interruption.

15. Due to these exigencies, GA Group began work on October 15, 2026, immediately after its proposal was selected by the Trustee.

## **RELIEF REQUESTED**

16. The Trustee is seeking to retain GA Group to assist with the operation and management of the Properties, and overseeing a marketing and sale process.

17. In its management capacity, GA Group would render the following services:

(a) Communicating with the On-Site Managers and directing their day-to-day management and maintenance activities;

(b) Overseeing collection of rents, delinquency management, and associated administrative functions, including Section 8 voucher coordination with the relevant government agencies;

(c) Managing vendor and service contracts, and procuring and overseeing repairs and capital items required to preserve value;

(d) Establishing operating budgets and cash controls, with disbursements in accordance with the Trustee's directions;

(e) Negotiating leases and lease renewals;

(f) To the extent of available information, preparing monthly reports on a property-level and consolidated basis, including rent rolls, income statements, accounts receivable aging, budget variance, and such other reports as may be reasonably requested by the Trustee;

(g) Establishing and maintaining due diligence data for each property, including rent rolls, leases, service contracts, and operating histories;

(h) Coordinating the transition of management functions to purchasers at the time of closing, including handling of security deposits, prorations, estoppels, and appropriate notices to Tenants and third parties; and

(i) Such other services as may be reasonably necessary to the efficient management of the Properties, and as agreed upon by GA Group and the Trustee.

18. In connection with sale efforts, GA Group may render the following services:

(a) Preparing an initial review of the Properties' physical condition and market analysis, and advising on necessary or recommended rehabilitation, repairs, and other alterations, on an as needed basis;

(b) Preparing financial diligence materials and comprehensive profiles of the Properties;

(c) Compiling available title, Phase I, and survey reports, along with all other required property due diligence materials;

(d) Scheduling and overseeing interior and exterior photoshoots and aerial imaging;

(e) Preparing print and online marketing content, including sale offering memoranda and marketing email forms;

(f) Creating and maintaining a custom website and automated NDA process for a secure data room via GA Group's web portal;

(g) Finalizing and loading due diligence materials into data room;

(h) Listing on third-party marketing platforms (as necessary);

(i) Developing a targeted investor marketing list based on GA Group's sales marketing database and third-party lists, and market the Properties by email blast to identified potential purchasers and print and online publication;

(j) Communicating with potential purchasers and coordinating site visits;

(k) Assisting with negotiating purchase agreements, seeking Court approval of sales, and closing on Court approved sales; and

(l) Such other services as may be reasonably necessary to the marketing and sale of the Properties, and as agreed upon by GA Group and the Trustee.

**PROPOSED COMPENSATION**

19. The Trustee is requesting that the Court approve a compensation package consisting of a percentage fee earned on the closing of any sale (each, a "Fee"). In addition, GA Group would be entitled to reimbursement of out-of-pocket expenses incurred in the management of the Properties, as approved by the Trustee, on a monthly basis. The Trustee may also advance funds to GA Group in amounts she determines are reasonably necessary to meet anticipated ordinary operating expenses.

20. GA Group's Fees would be equal to three and three-quarters percent (3.75%) of the sale proceeds, realized on the sale of any Property. Subject to Court approval, Fees would be payable upon the closing of any sale, without the need for a further Court order.

20. The Trustee believes that the proposed compensation arrangement is consistent with the provisions of section 328(a) of the Bankruptcy Code (authorizing a professional to be compensated on a "percentage fee basis"), and fair in light of the nature of the services to be rendered and GA Group's level of expertise.

21. In addition, the Trustee understands that other than as provided for and allowed by section 504 of the Bankruptcy Code, GA Group has not entered into any arrangement to share compensation to be paid by the Estates.

22. As stated above, the Trustee has agreed to compensation on a percentage fee basis. Local Rule 2016-1(d) sets forth various requirements for professionals with respect to timekeeping. Pursuant to Local Rule 2016-1(h), a professional "may request that the Court, for cause shown, waive one or more of … the information requirements" under the Local Rule. Due to the fact that GA Group's proposed compensation would be based solely on the proceeds realized upon the sale of the Properties, rather than hourly fees, detailed time records are not

germane to evaluation of GA Group's compensation. Accordingly, the Trustee respectfully requests that the Court waive the detailed time record requirement of Local Rule 2016-1(d).

23. Since the Fees will be approved by virtue of the order granting this Application, the Trustee requests that the Court excuse GA Group from seeking approval of compensation on either an interim or final basis and authorizing GA Group to be paid without further order of the Court.[1]

**NOTICE**

Notice of this Application has been provided to: (i) Debtors' counsel; (ii) the United States Trustee; (iii) counsel for the secured creditors as identified in the Debtors' schedules; and (iv) all parties in interest having requested notice pursuant to Rule 2002. In light of the nature of the relief requested, the Trustee submits that no further notice need be given.

[1] Other than the Fees, the only payments to GA Group would be reimbursements of out-of-pocket expenses as approved by the Trustee. These will be ordinary operating expenses of the sort that are authorized without approval by operation of the order approving the Motion for Authority to Operate. See 11 U.S.C. § 363(c)(1) ("If the business of the debtor is authorized to be operated under section 721 … and unless the court orders otherwise, the trustee may enter into transactions, including the sale or lease of property of the estate, in the ordinary course of business, without notice or a hearing, and may use property of the estate in the ordinary course of business without notice or a hearing.").

WHEREFORE, the Trustee respectfully requests that this Court enter the proposed Order attached hereto: (i) authorizing the retention of GA Group as broker and property manager effective as of October 15, 2026; (ii) approving the compensation arrangement set forth in this Application; and (iii) granting such other and further relief as is just and proper.

Dated: October 23, 2026

COZEN O'CONNOR

*/s/ Mark E. Felger*

Mark E. Felger (No. 3919)
Gregory F. Fischer (No. 5269)
1201 N. Market Street, Suite 1001
Wilmington, DE 19801
(302) 295-2000
mfelger@cozen.com
gfischer@cozen.com

*Proposed Counsel for the Trustee*