# EXHIBIT A

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br>Mystic Woods LLC *et al.*,[1]<br>Debtors. | Chapter 7<br>Case No. 26-11520-KBO<br>(Jointly Administered ) |

**DECLARATION OF MARK E. FELGER IN SUPPORT
OF APPLICATION OF JAMI B. NIMEROFF, INTERIM CHAPTER 7
TRUSTEE, TO EMPLOY COZEN O'CONNOR AS GENERAL COUNSEL**

I, Mark E. Felger, hereby declare:

**Introduction**

1. I am a Shareholder of the firm of Cozen O'Connor ("Cozen O'Connor"), which maintains an office at 1201 North Market Street, Suite 1001, Wilmington, Delaware 19801 and its principal office at 1900 Market Street, Philadelphia, Pennsylvania 19103. Cozen O'Connor is an international law firm, whose attorneys are recognized for their expertise and experience in various practice areas, including insurance, corporate, finance, real estate, securities, intellectual property, bankruptcy, healthcare, tax, environmental, and commercial litigation.

2. I am an attorney admitted and in good standing in the State of Delaware, the State of New Jersey, the State of New York, and the Commonwealth of Pennsylvania. I am admitted to practice before the United States District Court for the District of Delaware, the United States District Court for the Eastern District of Pennsylvania, the United States District Court for the District of New Jersey, the United States District Courts for the Northern, Eastern, and Southern Districts of New York, and the United States Court of Appeals for the Third Circuit.

3. I submit this declaration in support of the Application of Jami B. Nimeroff,

[1] The Debtors in these cases and the last four digits of their respective taxpayer identification numbers are as follows: Mystic Woods LLC (3974), River City Realty Fund LLC (3867), Waycross Realty Fund LLC (2293), and Wilmington Realty LLC (0628). As of the Petition Date, the Debtors' principal place of business was at 490 Wheeler Road, Suite 150, Hauppauge, NY 11788.

Interim Chapter 7 Trustee (the "Trustee"), to Employ Cozen O'Connor as General Counsel in accordance with sections 327(a), 328, 329, and 504 of the Bankruptcy Code, and to provide the disclosures required under Bankruptcy Rules 2014(a) and 2016(b).[1]

4. Unless otherwise stated herein, I have personal knowledge of the facts set forth in this Declaration.

5. Shortly after the Petition Date, the Trustee requested that Cozen O'Connor serve as her general counsel in the above-captioned bankruptcy cases (the "Bankruptcy Cases") to assist with the matters described in the Application.

6. Cozen O'Connor began performing services for the Trustee shortly after the Petition Date, and requests that approval of its employment be made effective as of September 28, 2026.

7. Cozen O'Connor has extensive expertise and knowledge in the field of debtors' and creditors' rights and business reorganization under the Bankruptcy Code. In preparing to represent the Trustee in the Bankruptcy Cases, Cozen has begun familiarizing itself with the business and financial affairs of the Debtors and the potential legal issues that have arisen or may arise in the context of the Bankruptcy Cases. Based on the foregoing, Cozen O'Connor is well qualified to represent the Trustee in the Bankruptcy Cases in an efficient and timely manner.

8. Except as set forth in this Declaration, I have not, nor has any shareholder, member, associate, or counsel of Cozen O'Connor, insofar as I have been able to ascertain, represented the Debtors, the parties in interest listed on the Debtors' schedules and statements of financial affairs, or any party who has appeared in these Bankruptcy Cases.

**The Firm Procedures**

9. To prepare this Declaration, I obtained the names of the Debtors, the managers

[1] Capitalized terms not otherwise defined herein shall have the meanings assigned in the Application.

and agents identified in the Debtors' statements of financial affairs, and known equity holders, creditors, and other parties in interest. Attached as **Exhibit A** is a chart of all of the names that have been submitted for review in Cozen O'Connor's conflicts system. Upon a review of the report generated by our conflicts search, I have concluded that neither I nor any other Cozen O'Connor attorney represents any of the entities set forth on **Exhibit A**, except as set forth on the schedule annexed hereto as **Exhibit B**.

10. The matters set forth on **Exhibit B** are unrelated to the Debtors or the Bankruptcy Cases.

11. Cozen O'Connor maintains and updates its conflict check system in the regular course of business of the firm, and it is the regular practice of Cozen O'Connor to make and maintain these records. Cozen O'Connor's conflict system is designed to include: (i) every matter on which Cozen O'Connor now or has been engaged; (ii) the entity engaging Cozen O'Connor; (iii) the identity of related parties and their relationship to the matter; and (iv) the attorney at Cozen O'Connor who is responsible for the matter. It is Cozen O'Connor's policy that no new representation be undertaken without providing the firm's case management staff the information necessary to search for potential conflicts. Although the conflicts system is regularly updated for every new matter undertaken by Cozen O'Connor, the accuracy of the conflict system and the scope of its coverage is a function of the completeness and accuracy of the information submitted by the attorney opening a new matter.

**<u>Cozen O'Connor's Connections with Parties In Interest</u>**

12. To the best of my knowledge after reasonable inquiry, except as set forth herein and in **Exhibit B** to this Declaration, Cozen O'Connor has no material "connections," as such term is used in Rule 2014(a) of the Bankruptcy Rules with the Trustee, the Debtors, the Debtors'

creditors, the Debtors' current and former managers and agents, other parties in interest in these Bankruptcy Cases, or the United States Trustee, all to the extent ascertainable from the information obtained from the Debtors' petitions and initial filings in the Bankruptcy Cases. Cozen O'Connor will supplement this Declaration as necessary or appropriate as additional names of creditors become available and are submitted for conflicts checks.

13. Cozen O'Connor is an international law firm with more than 1,000 attorneys practicing in 35 offices in the United States, Canada, and the United Kingdom. In addition to insolvency law, Cozen O'Connor provides legal counsel in many practice areas such as tax, healthcare, intellectual property, environmental, insurance, public finance, real estate, securities, and commercial litigation. Cozen O'Connor's largest practice group is devoted to insurance litigation, primarily coverage litigation, commercial subrogation, and casualty defense.

14. As a large international law firm, Cozen O'Connor maintains a large and diversified legal practice that encompasses the representation of many financial institutions, private and public commercial corporations, and other business entities and individuals, some of which are or may consider themselves to be creditors or parties in interest in the Bankruptcy Cases. Cozen O'Connor will not represent any such entities or individuals in connection with the Bankruptcy Cases.

15. In addition, I have ascertained that there is no material connection between Cozen O'Connor and the United States Trustee or any person employed by the Office of the United States Trustee.

16. Cozen O'Connor shall supplement or amend this Declaration in the event additional disclosure is required with respect to any of the parties in interest identified in this Declaration or any other parties in interest that become known to Cozen O'Connor in the course

of the Bankruptcy Cases.

**<u>Cozen O'Connor is Disinterested</u>**

17. Based on the conflicts search conducted to date and described herein, to the best of my knowledge, neither I, Cozen O'Connor, nor any member, counsel, or associate thereof, has any connection with the Trustee, the Debtors, the Debtors' managers, agents, and equity holders, and creditors, the United States Trustee, or any person employed in the Office of the United States Trustee, except as disclosed or as otherwise described herein.

18. Cozen O'Connor is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, in that Cozen O'Connor, its members, counsel, and associates:

a. are not creditors, equity security holders, or insiders of any of the Debtors;

b. are not and were not, within two years before the date of commencement of the Bankruptcy Cases directors, officers, or employees of any of the Debtors; and

c. do not have any interest materially adverse to the interest of the Estates or any class of creditors or equity security holders by reason of any direct or indirect relationship to, connection with, or interest in, any of the Debtors, or for any other reason.

**<u>Cozen O'Connor's Rates and Billing Practices</u>**

19. Cozen O'Connor intends to apply for compensation for professional services rendered in connection with the Bankruptcy Cases in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and orders of this Court. Such applications will seek compensation on an hourly fee basis, plus reimbursement of actual, necessary expenses and other charges that Cozen O'Connor incurs in the course of its representation of the Trustee. The principal attorneys and paralegal designated to represent the

Trustee in the Bankruptcy Cases, and their standard hourly rates are as follows:

| | |
|---|---|
| Mark E. Felger, Shareholder | $1,050 |
| Gregory F. Fischer, Member | $835 |
| Joel D. Nesset, Member | $835 |
| Shaina E. Carney, Paralegal | $350 |

20. The hourly rates set forth above are subject to periodic adjustment to reflect economic and other conditions. Customarily, such rates are adjusted effective January 1 of each year. Other attorneys and paralegals may from time to time serve the Trustee in connection with the matters described in this Declaration.

21. The hourly rates set forth above are Cozen O'Connor's standard hourly rates for insolvency work of this nature. These rates are set at a level to compensate Cozen O'Connor fairly for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses.

22. It is Cozen O'Connor's policy to charge its clients in all areas of practice for all other expenses incurred in connection with a client's case. These expenses may include, among others, certain mail charges, express mail charges, special or hand delivery charges, computerized research, travel expenses, and expenses for "working meals," as well as extraordinary overhead expenses such as secretarial overtime. Cozen O'Connor will charge the Trustee for these expenses in a manner and at rates consistent with the charges made to Cozen O'Connor's clients generally.

23. Cozen O'Connor has not entered into any agreement with any third party respecting the division of fees to be received in these Bankruptcy Cases or other agreement prohibited by 18 U.S.C. § 155.

**Conclusion**

24. This Declaration constitutes the statement of Cozen O'Connor pursuant to sections 327, 328(a), 329, and 504 of the Bankruptcy Code, and Bankruptcy Rules 2014(a) and 2016(b).

Dated: October 27, 2026

**COZEN O'CONNOR**

*<u>/s/ Mark E. Felger</u>*
Mark E. Felger (No. 3919)
1201 North Market Street, Suite 1001
Wilmington, DE 19801
(302) 295-2000
mfelger@cozen.com

*Proposed General Counsel to Jami B. Nimeroff, Interim Chapter 7 Trustee*