**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| Mystic Woods LLC *et al.*,[1] | ) | Case No. 26-11520-KBO |
| Debtors. | ) | (Jointly Administered) |

# MOTION OF JAMI B. NIMEROFF, CHAPTER 7 TRUSTEE, FOR ENTRY OF ORDER PURSUANT TO BANKRUPTCY RULE 2004 AND LOCAL RULE 2004-1 COMPELLING PRODUCTION OF DEBTORS' RECORDS BY CROWDVEST, LLC AND GRANTING RELATED RELIEF

Jami B. Nimeroff, chapter 7 trustee (the "Trustee") for the estates (the "Estates") of the above-captioned debtors (the "Debtors") hereby moves the Court (the "Motion") for entry of an order, substantially in the form attached hereto (the "Proposed Order"), pursuant to Federal Rule of Bankruptcy Procedure 2004 and Rule 2004-1 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (a) compelling Crowdvest LLC ("Crowdvest") to produce certain Requested Information (as defined herein), (b) authorizing the Trustee to issue subpoenas directed to Crowdvest to the extent necessary to obtain the Requested Information, and (c) granting related relief. In support of this Motion, the Trustee respectfully states as follows:

## JURISDICTION, CORE NATURE AND VENUE

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February

[1] The Debtors in these cases and the last four digits of their respective taxpayer identification numbers are as follows: Mystic Woods LLC (3974), River City Realty Fund LLC (3867), Waycross Realty Fund LLC (2293), and Wilmington Realty LLC (0628). As of the Petition Date, the Debtors' principal place of business was at 490 Wheeler Road, Suite 150, Hauppauge, NY 11788.

29, 2012. This Motion is a core matter pursuant to 28 U.S.C. § 157(b). Venue is proper in this Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested herein are sections 105 of title 11 of the United States Code (the "Bankruptcy Code"), Federal Rule of Bankruptcy Procedure 2004, and Local Rule 2004-1.

3. Pursuant to Local Rule 9013-1(f), the Trustee consents to the entry of a final order with respect to this Motion if it is determined that the Court lacks adjudicatory authority under Article III of the United States Constitution to enter such final order absent consent of the parties.

## BACKGROUND

4. On September 28, 2026 (the "Petition Date"), the Debtors each filed voluntary petitions for relief under chapter 7 of the Bankruptcy Code in this Court.

5. On or about the Petition Date, the Trustee was appointed interim chapter 7 trustee for the Estates.

6. On October 29, 2026, the Trustee held and concluded the meeting of creditors pursuant to section 341 of the Bankruptcy Code, and the Trustee now serves as chapter 7 trustee pursuant to section 702(d) of the Bankruptcy Code.

7. Prior to the Petition Date, each of the Debtors owned and leased real property (collectively, the "Real Property") to a number of residential tenants.

8. On October 9, 2026, the Court entered an order pursuant to sections 105, 363 and 721 of the Bankruptcy Code authorizing the Trustee's limited operation of the Debtors' businesses. D.I. 19.

9. On October 15, 2026, subject to approval by the Court, the Trustee retained GA Real Estate Group, LLC ("GA Group") to manage the Debtors' leasing operations and market the Real Property for sale. On October 23, 2026, the Trustee filed her *Application to Employ GA Real Estate Group, LLC as Broker and Property Manager.* D.I. 23.

10. Immediately after being retained, GA Group began efforts to market the Real Property for sale, and it recently published the sale opportunity through a number of channels.

11. The Trustee has been advised that each of the Debtors is party to an Asset Management Agreement with Crowdvest. The Trustee understands that, in connection with its management functions, Crowdvest used certain software-as-a-service (SaaS) applications and file-hosting services provided by a number of providers, including, but not limited to, Quickbooks, Google, and Appfolio (collectively, the "Service Providers") to host, preserve, and access the Debtors' books and records.

12. The Trustee has been further advised that all of the individuals employed by or exercising control over Crowdvest prior to the Petition Date continue in such positions as of the date of this Motion. Further, the two principals of each of the Debtors (William DeMaio and Ken Chapman) are also in control of Crowdvest.

13. The electronically stored information maintained by the Service Providers (the "Estates' ESI") is necessary for both the management of the business previously conducted by the Debtors and maximizing the value of the Real Property for the benefit of the Estates. For these reasons, and for the efficient administration of the Estates generally, it is critical that the Trustee have immediate access to all ESI.

14. On numerous occasions, the Trustee has requested that Crowdvest provide the permissions and access rights necessary to gain control over the Estates' ESI, including, but not

limited to, usernames, passwords, and administrative credentials (the "Requested Information"). A sampling of requests sent to Crowdvest via email are attached hereto as **Exhibit A** through **Exhibit D**. As of the date of this Motion, the Trustee has received some, but not all of the Requested Information.[2]

## RELIEF REQUESTED

15. By this Motion, the Trustee seeks entry of the Proposed Order, substantially in the form attached hereto: (a) compelling Crowdvest to produce the Requested Information, (b) authorizing the Trustee to issue subpoenas directed to Crowdvest to the extent necessary to obtain the Requested Information, and (c) granting related relief.

## BASIS FOR REQUESTED RELIEF

16. Bankruptcy Rule 2004 provides that the Court, upon the motion of a party in interest, may order the examination of the Debtor or any party in interest. Rule 2004 provides, in pertinent part, as follows:

> a) In General. On a party in interest's motion, the court may order the examination of any entity.
>
> b) Scope of Examination.
>
> (1) In General. The examination of any entity under this Rule 2004 ... may relate only to:
>
> (A) the debtor's acts, conduct, or property;
>
> (B) the debtor's liabilities and financial condition; [or]

[2] Upon information and belief, Crowdvest provides management services for a number of non-debtor entities, and data belonging to such non-debtors may be stored on the same platforms that host the Estates' ESI. The Trustee is only seeking information that is necessary to the administration of the Estates, and will cooperate with Crowdvest's reasonable requests to limit the required production to the Estates' ESI.

> (C) any matter that may affect the administration of the debtor's estate...
>
> c) Compelling Attendance and the Production of Documents or Electronically Stored Information. Regardless of the district where the examination will be conducted, an entity may be compelled under Rule 9016 to attend and produce documents or electronically stored information.

Fed. R. Bankr. P. 2004(a)-(c).

17. "The purpose of the examination is to enable the trustee to discover the nature and extent of the bankruptcy estate." *In re Wash. Mut., Inc.*, 408 B.R. 45, 50 (Bankr. D. Del. 2009). Proper goals of Rule 2004 examinations include "'discovering assets, examining transactions, and determining whether wrongdoing has occurred.'" (quoting *In re Enron Corp.*, 281 B.R. 836, 840 (Bankr. S.D.N.Y. 2002) (citation omitted)); *see also ePlus, Inc. v. Katz (In re Metiom, Inc.)*, 318 B.R. 263, 270 n.6 (S.D.N.Y. 2004) ("The purpose of a Rule 2004 examination is to assist a trustee in a bankruptcy proceeding to 'learn quickly about the debtor entity' so that he or she may 'maximize the realization of the debtor's estate' and 'discover the existence and location of assets of the estate.'") (citations omitted).

18. "Third parties having knowledge of the debtor's affairs, as well as a debtor itself, are subject to examination." *In re Valley Forge Plaza Assocs.*, 109 B.R. 669, 674 (Bankr. E.D. Pa. 1990). Thus, "[b]ecause the purpose of the Rule 2004 investigation is to aid in the discovery of assets, any third party who can be shown to have a relationship with the debtor can be made subject to a Rule 2004 investigation." *Ionosphere Clubs, Inc. v. Am. Nat'l Bank and Trust Co. of Chicago (In re Ionosphere Clubs, Inc.)*, 156 B.R. 414, 432 (S.D.N.Y. 1993), *aff'd*, 17 F.3d 600 (2d Cir. 1994). "The scope of a Rule 2004 examination is 'unfettered and broad.'" *Wash. Mut.*, 408 B.R. at 49 (quoting *In re Bennett Funding Group, Inc.*, 203 B.R. 24, 28 (Bankr. N.D.N.Y.

1996)). Indeed, the scope and breadth of Rule 2004 have been described as "in the nature of a 'fishing expedition.'" *Id.*

19. A Rule 2004 examination is warranted here. The Trustee requires the Requested Information for her limited operation of the Debtors' businesses pursuant to the Court's order at D.I. 19. The Trustee's request falls squarely within the parameters of Bankruptcy Rule 2004 as it relates to the property of the Estates, and vitally concerns and affects the Trustee's administration of the Estates. *See* Fed. R. Bankr. P. 2004(b). Indeed, without access to the Debtors' business records, emails, etc., the Trustee remains unable to adequately and efficiently operate the businesses.

**<u>WAIVER OF 14-DAY STAY</u>**

20. To preserve the value of the Estates, it is critical that the Requested Information be provided immediately. The Trustee therefore requests that the Court waive the 14-day stay period under Rule 6004(h) of the Federal Rules of Bankruptcy Procedure, to the extent it might otherwise be applicable.

**<u>CERTIFICATION OF CONFERENCE</u>**

21. Pursuant to Local Rule 2004-1, undersigned counsel hereby certifies that no conference was held with Crowdvest to discuss the date, time, place, and scope of the discovery sought herein. The Trustee has made numerous requests for the Requested Information, and does not believe that a discovery conference would serve any purpose. The Requested Information should all be readily available, and production will not impose any undue burden.

**<u>NOTICE</u>**

22. The Trustee will provide notice of this motion to the following parties or their respective counsel: (a) the office of the U.S. Trustee for the District of Delaware; (b) counsel for

the Debtors; (c) Crowdvest; and (d) any party that has requested notice in these cases. The Trustee submits that, in light of the nature of the relief requested, no other or further notice need be given.

## CONCLUSION

WHEREFORE, the Trustees respectfully requests that this Court enter the attached form of order (a) compelling Crowdvest to produce the Requested Information, (b) authorizing the Trustee to issue subpoenas directed to Crowdvest to the extent necessary to obtain the Requested Information, and (c) granting related relief as may be just and equitable.

Dated: November 3, 2026

**COZEN O'CONNOR**

*/s/ Mark E. Felger*
Mark E. Felger (No. 3919)
Gregory F. Fischer (No. 5269)
1201 N. Market Street, Suite 1001
Wilmington, DE 19801
(302) 295-2000
mfelger@cozen.com
gfischer@cozen.com

*Proposed Counsel for the Trustee*